

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00145-CR

JAMES DANIEL HARRIS                                              APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant James Daniel Harris guilty of a drug offense enhanced to a first degree felony and assessed his punishment at life in prison and a $10,000 fine. The trial court imposed the sentence accordingly on March 25, 2011. On April 1, 2011, the trial court issued an order nunc pro tunc correcting the judgment to reflect the proper amount of jail-time credit Appellant

---

[1]*See* Tex. R. App. P. 47.4.

had earned pending trial. Appellant filed a motion for new trial on April 26, 2011, which was a day past the thirty-day deadline set by the rules of appellate procedure. *See* Tex. R. App. P. 26. He also filed a notice of appeal on the same date. We sent a letter to Appellant advising him that we were concerned that we did not have jurisdiction over his appeal and asked him to respond with evidence that he had properly addressed, stamped, and mailed his notice of appeal to the proper trial court clerk on or before the due date. In his response, Appellant advised us that he set his timetable based upon the date the trial court issued its order nunc pro tunc and not from the date sentence was imposed. He also informed us that he intends to seek an out-of-time appeal if his calendaring of the appeal was in error.[2]

A timely filed notice of appeal is essential to vest this court with jurisdiction. *Slaton*, 981 S.W.2d at 210. A notice of appeal is timely if it is filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court issues an appealable order. Tex. R. App. P. 26.2(a)(1). Notice of appeal may also be timely if it is filed within ninety days after the day sentence is imposed or suspended and the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a)(2). A motion for new trial is timely if filed within thirty days after the date the trial court imposes or suspends sentence in open court.

---

[2]We do not have authority to grant an out-of-time appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (reasoning that if an appeal is not timely perfected, a court of appeals has no jurisdiction to address the merits of the appeal and can take no action other than to dismiss it).

Tex. R. App. P. 21.4(a). An order nunc pro tunc does not affect the timetable from which a defendant may appeal from a judgment of conviction. *See Rodarte v. State*, 860 S.W.2d 108, 109, n. 1 (Tex. Crim. App. 1993) (appellate deadlines run from date sentence is imposed rather than date written judgment is entered).

Appellant's notice of appeal and motion for new trial were both untimely filed. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 30, 2011

3